UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>SCOTT WARREN JENCKS,<br>LINDA LEE JENCKS,<br>    Debtors | Chapter 7<br><br>Bankruptcy No. 21-00626 |
| SCOTT WARREN JENCKS, and<br>LINDA LEE JENCKS,<br>    Plaintiffs<br><br>vs.<br><br>AgVantage FS, a division of<br>GROWMARK, Inc.,<br>    Defendant | ADVERSARY PROCEEDING<br><br>No. 23-09049 |

## OPINION AND ORDER ON DEBTORS' MOTION TO AVOID JUDICIAL LIEN AND AGVANTAGE'S MOTION TO DISMISS THE ADVERSARY PROCEEDING

The first matter before the Court is Debtors' Motion to Avoid Judicial Lien (Doc. 21) on real property located at 28277 Usher Road, Waucoma, Iowa. The Motion was filed in the main bankruptcy case, No. 21-00626, and the Court held a telephonic hearing. Michael C. Dunbar appeared for Scott Warren Jencks and Linda Lee Jencks (jointly, "Debtors"). Mark Daniel Walz and Tirzah R. Roussell appeared for lienholder AgVantage FS, a division of GROWMARK, Inc. ("AgVantage").

During that hearing, Debtors indicated that they intended to file a contempt case against AgVantage on these issues. The Court held in abeyance a ruling on the pending matter until the filing of the adversary proceeding for contempt against AgVantage. Debtors filed their Complaint for Contempt (Doc. 1) on December 19, 2023. The second matter before the Court is AgVantage's Motion to Dismiss the Adversary Complaint (Doc. 8) filed in the adversary proceeding, No. 23-09049. The Court held a telephonic hearing. Michael C. Dunbar appeared for Debtors. Tirzah R. Roussell appeared for AgVantage. The Court heard argument and took both the matters under advisement on the papers submitted. These are core proceedings under 28 U.S.C. § 157(b)(2).

## I. STATEMENT OF THE CASE

On September 15, 2020, AgVantage obtained a judgment for $830,910.47 against Debtors in the Iowa District Court for Fayette County. Debtors partially satisfied that judgment. Debtors filed their bankruptcy petition under Chapter 7 on July 14, 2021. The balance owed to AgVantage as of June 30, 2022 was $329,558.09. Interest continued to accrue.

Debtors claimed the homestead exemption for property located at 28277 Usher Road, Waucoma, Iowa. There was no objection to the homestead exemption. The Chapter 7 Trustee concluded there was no property available for distribution from the estate over and above what was exempted by law and abandoned all the

property listed in the schedules. The Debtors received their discharge on November 3, 2021. Upon Debtors' motion, the Court reopened the bankruptcy case on March 7, 2023. On March 15, 2023, Debtors filed a Motion to Avoid Judicial Lien against AgVantage.

Debtors also filed an adversary proceeding alleging contempt against AgVantage seeking sanctions, damages, attorney's fees, and punitive damages for AgVantage's alleged violation of the discharge injunction under 11 U.S.C. § 524 and § 105. Debtors argued that AgVantage violated this Court's discharge order when it sold Debtors' property through a Sheriff's sale following a foreclosure. AgVantage has moved to dismiss the adversary proceeding, arguing that the discharge injunction does not bar the enforcement of the lien and the foreclosure did not violate 11 U.S.C. § 524. For the following reasons, the Court denies Debtors' Motion to Avoid Lien and grants AgVantage's Motion to Dismiss Adversary Proceeding.

## II. FINDINGS OF FACT

There are three relevant parcels of property as listed below:

1. <u>The Parcel A – Vacant Lot</u>

Parcel A is a 22.581-acre vacant lot in Waucoma, Iowa, formerly owned by Debtors, and is the subject property of Debtors' motion to avoid judicial lien. Parcel A is the property that was sold at the Sherriff's sale by AgVantage. Parcel A was

contiguous to the Waucoma Homestead and was claimed as part of Debtors' homestead.

2. The Waucoma Homestead

The Waucoma Homestead was located at or about 28277 Usher Road, Waucoma, Iowa. Debtors claimed the Waucoma Homestead *and* Parcel A as homestead property in their bankruptcy Schedule C since they are contiguous properties. In total, Debtors claimed approximately 29 acres—the 7.128 acres with a house of the Waucoma Homestead and the 22.581 acres of contiguous Parcel A. Debtors sold the Waucoma Homestead on October 20, 2021 shortly before receiving their discharge. Debtors maintained title to vacant Parcel A. Debtors no longer owned the Waucoma Homestead when Debtors brought their motion to avoid lien on Parcel A.

3. The New Hampton Property

Debtors purchased a property at 344 South Sheakley Ave, New Hampton, Chicksaw County (the "New Hampton Property") on July 2, 2021—twelve days *before* Debtors filed bankruptcy. Debtors did not include The New Hampton Property in any of their bankruptcy schedules. They have occupied—and still occupy—that property as their homestead.

Property Claimed as Exempt Homestead in Bankruptcy

Debtors filed bankruptcy on July 14, 2021 and listed the Waucoma Homestead and Parcel A as their exempt homestead. The meeting of creditors was held on August 23, 2021. No objections were filed in the thirty days after the meeting had concluded, and Debtors were granted a discharge on November 3, 2021. Debtors never disclosed—and made no mention of—their purchase of the New Hampton Property or that it was their new homestead. AgVantage thus had no reason to object—and the exemption was granted without any objection.

About two years later, on the motion of AgVantage and over Debtors' objections, the state Clerk of Court issued a General Execution for a Sherriff's sale of Parcel A. The sale was held on May 23, 2023. Debtors had their case reopened, filed a motion to avoid lien on Parcel A, and then filed the adversary proceeding for damages, claiming that AgVantage violated the bankruptcy discharge injunction and improperly impaired their homestead exemption under 11 U.S.C. § 522(f).

### III.   DISCUSSION

The first issue is Debtors' Motion to Avoid Lien on exempt property. Iowa Code § 561.16 provides that every person's homestead is exempt from judicial sale. Iowa Code defines "homestead" as follows:

> The homestead must embrace the house used as a home by the owner, and, if the owner has **two or more houses** thus used, the owner **may select** which the owner will retain. It may contain one or more **contiguous** lots or tracts of land, **with the building** and other appurtenances thereon, **habitually and in good faith** used as part of the same homestead.

5

Iowa Code § 561.1. In a bankruptcy proceeding, Debtors' homestead is determined on the date of Debtors' bankruptcy petition. 11 U.S.C. § 522(b)(3)(A); Iowa Code § 627.10; In re Timmerman, No. BR 17-00804, 2024 WL 878191, at *3 (Bankr. N.D. Iowa Feb. 29, 2024); In re Mueller, 215 B.R. 1018, 1022 (B.A.P. 8th Cir. 1998) (collecting cases).

Debtors claimed the Waucoma Homestead and the contiguous Parcel A as exempt in Schedule C of their petition. AgVantage did not object to this claimed exemption. Because AgVantage did not make a timely objection, the homestead—as claimed—was treated as exempt under Bankruptcy Code § 522(l). AgVantage may not contest the exemption now. Fed. R. Bankr. P. 4003(b); Taylor v. Freeland & Kronz, 503 U.S. 638, 643–44 (1992) (relying on Fed. R. Bankr. P. 4003(b) and holding that, absent a timely objection, debtors' claimed property is exempt under Bankruptcy Code § 522(l) "whether or not [debtor(s)] had a colorable statutory basis for claiming it."). See also In re Indvik, 118 B.R. 993, 1004 (Bankr. N.D. Iowa 1990); Matter of Towns, 74 B.R. 563, 566–67 (Bankr. S.D. Iowa 1987). However, even if debtors are entitled to exempt property under § 522(l), they are *not automatically* entitled to avoid a lien on the exempt property. "The entitlement to an exemption and entitlement to avoid the lien on the exempt property are separate questions." In re Streeper, 158 B.R. 783, 786 (Bankr. N.D. Iowa 1993) (citing

Indvik, 118 B.R. at 1004–05). Debtors must prove that they are entitled to lien avoidance under 11 U.S.C. § 522(f)(1), which provides:

> Notwithstanding any waiver of exemptions . . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that **such lien impairs an exemption to which the debtor would have been entitled** under subsection (b) of this section, if such lien is—
> (A) a judicial lien.

11 U.S.C. § 522(f)(1) (emphasis added). The fact that Debtors' exemption claim was approved without objection earlier in the case does not establish this element. In re Streeper, 158 B.R. at 786 (citing In re Montgomery, 80 B.R. 385. (Bankr. W.D. Tex. 1987)). Where the issue was not previously litigated and there was an exemption by default, the creditor is not barred from raising the exemption issue. Id. at 786–87.

> [A] creditor may raise exemption issues in a lien avoidance motion under § 522(f)(1) to litigate whether the debtor would have been entitled to the exemption under § 522(b), even if the property at issue has been deemed exempt under § 522(l). Sections 522(l) and 522(f) serve entirely different functions. Exemption under § 522(l) quickly determines which property is available for distribution by the trustee to unsecured creditors and which property is available for the "fresh start" of the debtor. In contrast, § 522(f) extinguishes the property rights of a creditor. Due process requires notice to the creditor of a debtor's intention to avoid the lien. It would be inconsistent with due process to prevent the creditor from raising lien avoidance issues solely because of failure to object to the claim of exemption.

Id. at 783 (citations omitted). This conclusion is particularly appropriate here where Debtors failed to disclose important information that would have led to an objection.

7

Here, AgVantage's lien affixed to Parcel A, which was claimed exempt without objection. However, the lien was not avoided at the time. When the lien avoidance issue was raised in the reopened case, AgVantage raised the entitlement to the exemption—as allowed in Streeper. AgVantage used the new information—that Debtor had a new homestead that was not previously disclosed. It argued its lien did not impair an exemption to which Debtors would have been entitled and therefore, Debtors are not entitled to avoid AgVantage's lien. To be clear, Debtors purchased the New Hampton Property on July 2, 2021, *before* filing for bankruptcy, occupied it as their homestead, and never disclosed this property in their bankruptcy filings. Debtors tried to justify their nondisclosure of this transaction by asserting that the deed was not delivered by the time they filed for bankruptcy protection. The Court finds Debtors' assertion unpersuasive. Debtors are under the obligation to disclose the transaction when filing the petition. See In re Blackburn, 385 B. R. 660, 667 (Bankr. N.D. Iowa 2008) ("Debtors had a duty to disclose their interest in all property and assets."). See also In re Rohde, 400 B.R. 230, 235 (Bankr. N.D. Iowa 2009) ("Debtors are obligated to disclose their assets and transactions as requested and leave to trustees or creditors the impact on their estates. It should not matter whether in the end a transfer is avoidable or recoverable."). Had Debtors disclosed the New Hampton Property purchase, Debtors would been required to select between the New Hampton Property and the Waucoma Homestead/Parcel A—as is required

under Iowa Code § 561.1. Had Debtors disclosed the New Hampton Property purchase, AgVantage and other creditors would have had full information and the opportunity to file their objections accordingly. Creditors instead operated under the impression that the Waucoma Homestead/Parcel A was rightly claimed as exempt homestead.

AgVantage later discovered the Debtors were not entitled to any exemption on the Waucoma Homestead/Parcel A because they had already bought the New Hampton Property. AgVantage then pursued collection against Parcel A. Well-established Iowa caselaw requires actual occupancy to continue the exempt homestead status. See Com. Sav. Bank of Lohrville v. McLaughlin, 214 N.W. 542, 544 (Iowa 1927) ("A homestead requires no proclamation or formal declaration, but comes into existence by operation of law, contemporaneous with occupancy."). See also Hostetler v. Eddy, 104 N.W. 485, 486 (Iowa 1905) ("[T]he actual occupation by the family of the property as a dwelling place is a sufficient declaration of its homestead character."). "[The homestead character] ends only with abandonment in fact." Id. at 487 (collecting cases). "Removal from the homestead property with no intention to return to it operates as an abandonment of the homestead." In re McClain's Est., 262 N.W. 666, 668 (Iowa 1935).

Parcel A lost its homestead status when Debtors purchased the New Hampton Property and used it as their homestead. Parcel A was vacant—Debtors were not

actually using it as a homestead. Debtors were using the new Hampton Property as their homestead instead. Debtors have offered nothing into the record that indicates any intent to return to Parcel A. See Illinois Oldsmobile Co. v. Miller, 202 N.W. 751, 752 (Iowa 1925) (finding that "where the judgment debtor has actually removed from the alleged homestead and actually occupied another residence, **it becomes incumbent upon him to show that he did not intend a permanent abandonment of his homestead**.") (emphasis added). The Debtor must show "a continued and fixed purpose to return, and such fact may be established by his own testimony as to his own intent." In re Roberts, 443 B.R. 531, 540 (Bankr. N.D. Iowa 2010), aff'd, 450 B.R. 159 (N.D. Iowa 2011) (citing Illinois Oldsmobile Co., 202 N.W. at 752)). Debtors abandoned the property voluntarily when they purchased the New Hampton Property and then sold the Waucoma Homestead. See, e.g., Novotny v. Horecka, 206 N.W. 110, 112 (Iowa 1925) ("This is in accord with the general rule that abandonment . . . must be voluntary."). Parcel A is not *contiguous to* the New Hampton Property as required under Iowa law. Therefore, Debtors effectively abandoned Parcel A and Parcel A is not exempt homestead.

AgVantage's judicial lien still attached to Parcel A. See, e.g., Johnson v. Home State Bank, 501 U.S. 78 (1991) ("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*."). There

10

was no motion to avoid that lien until the case was reopened in 2023. AgVantage had found out that the Debtors had a different homestead, not previously disclosed, and argued they abandoned Parcel A as a homestead. In fact, Parcel A never should have been the homestead in the bankruptcy at all and was only allowed to be because Debtors did not reveal all the relevant facts. The lien on Parcel A does not impair an exemption under 11 U.S.C. § 522(f) because the exemption no longer applies to Parcel A. Debtors' motion to avoid judicial lien is denied.

The second issue before the Court is AgVantage's Motion to Dismiss Adversary Proceeding. AgVantage argues that dismissal of this proceeding is appropriate because this Court lacks subject matter jurisdiction, the Rooker-Feldman doctrine precludes jurisdiction over this proceeding, and Debtors' Complaint fails to state a claim upon which relief may be granted. Based on the Court's findings above, the Motion to Dismiss Adversary Proceeding should be granted.

"Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). A court retains jurisdiction, even after the case is closed, to enter contempt sanctions for violation of a previous order. See Koehler v. Grant, 213 B.R. 567, 569–70 (B.A.P. 8th Cir. 1997). This Court has subject matter jurisdiction over the matter since Debtors are seeking to sanction AgVantage for violation of a discharge order issued by this Court.

11

"A willful violation of [a discharge injunction] will warrant a finding of civil contempt and imposition of sanctions." In re Lang, 398 B.R. 1, 3 (Bankr. N.D. Iowa 2008). "A discharge in bankruptcy does not extinguish the debt itself, but merely releases the debtor from personal liability and . . . bars enforcement of the debt against the debtor." Id. at 4. In a proceeding for civil contempt, the movant must establish by clear and convincing evidence that the alleged violator had knowledge of the order and the order must be specific and definite. Koehler, 213 B.R. at 570. "Once the plaintiff has made this prima facie showing, the burden shifts to the defendant to show that he or she was unable to comply with the court's order." Id.

Here, Debtors failed to establish that AgVantage violated the discharge injunction. AgVantage still had a valid lien on Parcel A and did not seek to collect a discharged debt against Debtors. The information attached to the discharge order provided that a creditor with a lien may enforce the claims against the Debtors' property subject to the lien unless the lien was avoided or eliminated. Here, AgVantage was enforcing its *in rem* rights against Debtors' property subject to its lien that was no longer even arguably part of its homestead. Debtors did not meet their burden to establish that AgVantage is in contempt of any court order. Therefore, AgVantage's Motion to Dismiss the Adversary Proceeding should be granted.

## IV. CONCLUSION/ORDER

For the foregoing reasons, Debtors' motion to avoid judicial lien is **DENIED** and AgVantage's motion to dismiss the adversary complaint is **GRANTED**.

Ordered: August 26, 2024

Thad J. Collins
Chief Bankruptcy Judge